**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUTH SHUEY, | No. 11-35257 |
| Plaintiff - Appellant, | D.C. No. 9:10-cv-00059-JCL |
| v. | |
| MICHAEL J. ASTRUE, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Jeremiah C. Lynch, Magistrate Judge, Presiding

Argued and Submitted April 11, 2012
Seattle, Washington

Before: HUG, D.W. NELSON, and CALLAHAN, Circuit Judges.

Ruth Shuey ("Shuey") appeals the district court's order affirming the

decision of the administrative law judge ("ALJ") denying her application for

disability benefits. We review de novo the district court's order affirming the

ALJ's denial of benefits. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

2008). We may reverse the Commissioner's decision only if it is not supported by substantial evidence or is based on legal error. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

Shuey argues that the ALJ erred at Step Two of the sequential analysis by failing to articulate the requisite elements of the special technique for evaluating mental impairments. Shuey raises this argument for the first time on appeal and therefore has waived the issue. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006). We decline to consider the issue because manifest injustice will not result from our compliance with the general waiver rule and because the law has not changed during the pendency of this appeal. *Id.*

Shuey contends that the ALJ improperly discussed references, found in the medical records, regarding her plans to go deer hunting and argues that the ALJ took these references out of context, in violation of *Widmark v. Barnhart*, 454 F.3d 1063, 1067 (9th Cir. 2006), and *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). The ALJ permissibly relied on Shuey's activities, including her hunting plans, as reasons to find her claims not fully credible. *See Bray v. Comm'r*

---

[1]Because the parties are familiar with the facts underlying this appeal, we do not recount the facts here.

*of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009); *see also* 20 C.F.R. § 404.1529(c)(4). Moreover, unlike in *Widmark* and *Edlund*, this is not a case where the ALJ failed to provide reasons for rejecting the opinion of an examining physician or selectively relied on only part of an examining physician's opinion regarding functional limitations.

Shuey also argues that the ALJ erred when he noted the amount of money Shuey was receiving in unemployability benefits and concluded that Shuey did not appear highly motivated to look for work. It was not error for the ALJ to draw this inference from uncontradicted evidence that Shuey was receiving $1,266.00 per month in unemployability benefits. *See Tommasetti*, 533 F.3d at 1040 (holding that it was not unreasonable for ALJ to infer that claimant may not have been motivated to work due to his financial reserve).

Shuey contends that the ALJ erred by failing to properly address two lay witness statements. Contrary to Shuey's claims, the ALJ never stated that he was rejecting Steve Shuey's statement because Mr. Shuey was self-interested. The ALJ provided germane reasons for not fully crediting Steve Shuey's statement, explaining that the statement was based on the claimant's own subjective allegations of her limitations and was not fully supported by the objective medical

findings.  *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009); *Greger,* 464 F.3d at 972.

The ALJ did err by failing to address Collin Thomson's lay witness statement.  *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053-54 (9th Cir. 2006).  However, the error was harmless because Thomson's statement did not describe any limitations beyond those that already had been described by Shuey herself and validly rejected by the ALJ.  *See Molina v. Astrue*, No. 10-16578, 2012 WL 1071637, at *13 (9th Cir. Apr. 2, 2012); *Stout*, 454 F.3d at 1056.

**AFFIRMED**.